FLETCHER, Judge.
Willie Edwards Isaac [the defendant] appeals his convictions for first-degree murder with a firearm, attempted armed robbery, and armed burglary, claiming error in the admission of prejudicial hearsay evidence during his trial. For the reasons which follow, we reverse and remand for a new trial.
On October 14, 1998 at around 4:00 a.m., City of Miami police officers responded to a report of a shooting at Northwest 43rd Street and 18th Avenue where they found a young man slumped over the steering wheel of a white Toyota Camry which had apparently smashed into a gate. The area where the shooting occurred is well known for illegal narcotic transactions and the victim was subsequently identified as Armando Acosta, a known drug addict. The cause of Acosta’s death was determined to be a close-range shot by a twelve-gauge shotgun to his upper left back. On the night in question, Tony Bullard, an employee of drug dealer Louis Duty, was in the area. Bullard’s account of what occurred on the night in question pointed to the defendant as the shooter.[1] According to Bullard, the victim drove by where the defendant and he (and several others) were standing and offered to sell them a television. One of the individuals standing with Bullard bought the television for ten dollars. Allegedly the defendant, carrying a. shotgun, then took off on his bicycle in the direction of the Camry, saying that he “is going to get his one way or the other.” Bullard claims he later heard a shot and saw the defendant leaning into the victim’s car. The defendant was subsequently arrested at a meeting arranged by Duty whom the defendant allegedly had called for a loan in order to get out of town.
The defendant’s principal issue on appeal is whether the trial court erred in allowing testimony by the investigating detectives regarding information provided to them at the crime scene by non-testifying witnesses. During his testimony, Detective Gonzalez stated that upon his arrival at the scene he had spoken with several people from whom he obtained the name of “Willie” and a description, although no one admitted to actually witnessing the shooting. Essentially the same information was later confirmed by Detective Law, the lead investigator in the case. The defendant contends that the admission, over objection, of this improper hearsay evidence influenced the verdict, especially in light of the lack of any credible[2] evidence linking the defendant to the crime.
*278 Clearly, the admission of this hearsay evidence was improper. See, e.g., Keen v. State, 775 So.2d 263 (Fla.2000); Wilding v. State, 674 So.2d 114 (Fla.1996); Postell v. State, 398 So.2d 851 (Fla. 3d DCA 1981). The State, however, argues that any error in its admission was neither preserved nor proven to be prejudicial. We cannot agree. The error was sufficiently preserved by defense counsel’s objections. Additionally, the harmless error test places the burden of proving the harmlessness of the admission on the prosecution and not, as the State would have us do, on the defendant to prove the contrary. State v. DiGuilio, 491 So.2d 1129 (Fla.1986). Under the facts presented herein, we cannot conclude beyond a reasonable doubt that the admission of this testimony did not affect the jury’s verdict. The only evidence, apart from the improper hearsay which pointed to the defendant as the shooter, was the testimony of Bul-lard, a convicted drug dealer whose activities were being severely hampered by the police presence in the area following the homicide, and who did not come forward until three weeks later after learning he was being sought by the police for the crime. Moreover, there was no physical evidence linking the defendant to the crime. Therefore, reversal and remand for a new trial are required.
Reversed and remanded.

. Bullard did not talk to the police until several weeks after the shooting upon learning that the police were looking for him and/or his boss as possible suspects.

. The defendant contends that Bullard’s version of the event was not credible for two reasons. First, because he did not relate his account until he discovered the police were looking for him as a suspect; second, because *278 Bullard was motivated by his desire to eliminate police presence in the area, which presence was interfering with his business.